64 F.3d 665
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
O. D. SHEPPARD, Plaintiff-Appellant
v.
J. W. FAIRMAN, Jr., Michael F. Sheahan, and Richard Phelan,
et al., Defendants-Appellees.
 No. 94-3588.
 United States Court of Appeals, Seventh Circuit.
 Submitted Aug. 10, 1995.*
Decided Aug. 11, 1995.
 
 Before FLAUM, RIPPLE and KANNE, Circuit Judges.
 
 ORDER
 
 1
 O. D. Sheppard, while an inmate at the Cook County Jail in Cook County, Illinois, brought suit under 42 U.S.C. Sec. 1983 against various Cook County officials.[1] Sheppard alleged that the defendants violated his Eighth Amendment right to be free from cruel and unusual punishment by placing inmates suffering from tuberculosis in his housing unit (resulting in his contracting tuberculosis), failing to provide medical treatment for his tuberculosis, and failing to provide proper medical treatment for a cavity. The defendants filed a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). The district court granted the defendants' motion and terminated the case. Sheppard, appearing pro se, filed the instant appeal. For the reasons set forth below, we affirm in part, and reverse and remand in part.
 
 
 2
 A dismissal under Rule 12(b)(6) is reviewed de novo, assuming the truth of the allegations and making all reasonable inferences in the plaintiff's favor. Murphy v. Walker, 51 F.3d 714, 717 (7th Cir. 1995) (citing Arazie v. Mullane, 2 F.3d 1456, 1465-66 (7th Cir. 1993)). The district court's dismissal will be affirmed only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Since Sheppard's complaint was filed without counsel, it must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972). In addition, allegations contained in Sheppard's other court filings, including his response to the defendants' motion to dismiss, should be considered before finding that he failed to state a claim. Swofford v. Mandrell, 969 F.2d 547, 549 (7th Cir. 1992).
 
 
 3
 The circumstances surrounding Sheppard's claims are as follows. Sheppard has been incarcerated at the Cook County Jail since October 8, 1987. When he was first incarcerated, Sheppard was examined by prison doctors for tuberculosis. His test results were negative. Sheppard was next examined in 1990 and, again, tested negative for tuberculosis. In October of 1991, Sheppard was tested for a third time. This time, however, he tested positive for tuberculosis. Sheppard alleged that he contracted tuberculosis as a result of his exposure to other inmates with tuberculosis. Sheppard has not received any treatment for tuberculosis. In July or August of 1992, an unknown dentist filled a cavity with a temporary substance which, Sheppard was told, would be replaced in a few months. On June 15, 1993, the temporary filling fragmented in Sheppard's mouth, causing him great pain. Sheppard requested treatment and treatment was denied. Sheppard's cavity was not treated until September 28, 1993.
 
 Exposure to Tuberculosis
 
 4
 Pursuant to the Eighth Amendment, prison officials have a duty to "provide humane conditions of confinement; ... [to] ensure that inmates receive adequate food, clothing, shelter and medical care, and [to] 'take reasonable measures to guarantee the safety of the inmates ...."' Farmer v. Brennan, 114 S. Ct. 1970, 1976 (1994) (quoting Hudson v. Palmer, 468 U.S. 517, 526-27 (1984)). In order for an inmate to state a claim that conditions of confinement constitute cruel and unusual punishment against an official in his individual capacity, the inmate must demonstrate that the official was deliberately indifferent to his health or safety. Farmer, 114 S. Ct. at 1979; Wilson v. Seiter, 501 U.S. 294 (1991); Del Raine v. Williford, 32 F.3d 1024, 1036 (7th Cir. 1994). Deliberate indifference exists only when an official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 114 S. Ct. at 1979.
 
 
 5
 In dismissing Sheppard's claim of exposure to tuberculosis against Fairman, Sheahan, and Phelan in their individual capacities, the district court held that Sheppard failed to allege that they had any personal involvement regarding Sheppard's exposure to tuberculosis. Indeed, to recover for damages under Sec. 1983, a plaintiff must establish that the defendants were personally responsible for the claimed deprivation of a constitutional right. Rascon v. Hardiman, 803 F.2d 269, 274 (7th Cir. 1986). "[A]n official meets the 'personal involvement' requirement when 'she acts or fails to act with a deliberate or reckless disregard of plaintiff's constitutional rights, or if the conduct causing the constitutional deprivation occurs at her direction or with her knowledge and consent."' Black v. Lane, 22 F.3d 1395, 1401 (7th Cir. 1994) (quoting Smith v. Rowe, 761 F.2d 360, 369 (7th Cir. 1985)).
 
 
 6
 Considering Sheppard's complaint, as well as his responses to the defendants' motion to dismiss, it is clear that Sheppard's claims of individual against these defendants are based on the defendants' positions and titles rather than any personal involvement with Sheppard's exposure to tuberculosis. Sheppard contends that his claim against Phelan in his individual capacity should not be dismissed since, as President of the Cook County Board of Commissioners, Phelan is responsible for controlling and supervising the Cook County Jail. Sheppard alleges that Fairman is individually liable because, as Director of the Cook County Department of Corrections, he is required to ensure the "cleanliness" of the inmates. Regarding Sheahan, the Sheriff of Cook County, Sheppard contends that his individual liability stems from his control over the Cook County Jail and his responsibility to implement its policies regarding segregation of inmates with contagious diseases.
 
 
 7
 Sheppard does allege that he contracted tuberculosis as a result of the defendants' failure to follow their "official policy." However, there is no indication that this failure was deliberate or knowing, or that any of the defendants actually caused a prisoner infected with tuberculosis to be assigned to Sheppard's housing unit.[2] Since, therefore, there is no allegation of personal involvement regarding these defendants, the district court properly dismissed Sheppard's claims against Fairman, Sheahan, and Phelan in their individual capacities.
 
 
 8
 Nonetheless, even if they are not liable in their individual capacities, Sheppard has also brought this action against Fairman, Sheahan and Phelan in their official capacities. A suit against a government employee in his official capacity is the same as a suit against the government entity itself. Wolf-Lillie v. Sonquist, 699 F.2d 864, 870 (7th Cir. 1983) (citing Monell v. New York City Dept. of Social Services, 436 U.S. 658, 690 n. 55 (1978)). Hence, to the extent that Phelan and Fairman are agents of Cook County, Sheppard has effectively brought suit against Cook County. Although considered county officials, Scott v. O'Grady, 975 F.2d 366, 371 (7th Cir. 1992), cert. denied, 113 S. Ct. 2421 (1993), "Illinois sheriffs are independently elected officials not subject to the control of the county." Ryan v. County of DuPage, 45 F.3d 1090, 1092 (7th Cir. 1995) (citing Thompson v. Duke, 882 F.2d 1180, 1187 (7th Cir. 1989)). Accordingly, Sheppard's claim against Sheahan in his official capacity as Sheriff of Cook County constitutes a claim against the Cook County Sheriff's Department.
 
 
 9
 Since a claim brought under Sec. 1983 cannot survive under a theory of respondeat superior, a local government will be liable only if the plaintiff can show that the alleged constitutional violation resulted from an official policy or custom of the local government. Monell, 436 U.S. at 694. Accordingly, in order to state an official capacity claim, Sheppard must allege that Phelan or Fairman instituted an official Cook County policy or custom, or that Sheahan instituted an official policy or custom of the Cook County Sheriff's Department, and that this policy resulted in Sheppard's contraction of tuberculosis. Considering Sheppard's complaint, as well as his response to the defendants' motion to dismiss, we agree with the district court that Sheppard has failed allege any such official policy or custom. To the contrary, Sheppard's pleadings demonstrate that his official capacity claims against Sheahan, Fairman, and Phelan are based on an alleged failure to follow official policies.
 
 
 10
 In his reply to the defendants' motion to dismiss, Sheppard claims that he is entitled to recovery against Sheahan, Fairman, and Phelan under a theory of respondeat superior. In his accompanying memorandum of law, Sheppard assets that his contraction of tuberculosis was the result of defendants' failure to follow "their own institutional custom or policy." Moreover, Sheppard admits that there is an official policy of the Cook County Jail to screen inmates as soon as they arrive, that this screening procedure tests inmates for various diseases including tuberculosis, and that when the screening indicates that an inmate needs medical care, that inmate is isolated from the general population. Sheppard also alleges that there exists a "prisoner classification system" which was not complied with. Finally, at the close of his memorandum, Sheppard reiterates that he has "experienced" the violation of many official customs and policies and that the "doctrine of 'respondeat superior' is applicable i[n] these proceedings because [of] misconduct of municipal functionaries in carrying out governmental operations." (R.16 at 9-10.) After reviewing Sheppard's complaint and his response to the defendants' motion to dismiss, it clear that he has not alleged that his exposure to tuberculosis was the result of any official policy of Cook County or the Cook County Sheriff's Office.[3] Accordingly, the district court's dismissal of this claim against Sheahan, Fairman, and Phelan in their official capacities was proper.
 
 Medical Treatment
 
 11
 In order for an inmate to state a claim under Sec. 1983 for medical mistreatment or denial of medical care, the prisoner must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). Deliberate indifference exists when an official knows of and disregards a serious medical condition and the official is "aware of facts from which the inference could be drawn that a substantial risk of harm exists, and he must also draw the inference." Farmer, 114 S. Ct. at 1979. Moreover, "[b]ecause society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an 8th Amendment violation only if those needs are 'serious."' Hudson v. McMillian, 503 U.S. 1, 9 (1992) (citing Estelle, 429 U.S. at 103-104); Brownell v. Figel, 950 F.2d 1285, 1291 (7th Cir. 1991).
 
 
 12
 Sheppard's medical conditions were sufficiently serious for Eighth Amendment purposes. Tuberculosis is a serious, yet treatable, disease. See DeGidio v. Pung, 920 F.2d 525, 527 (8th Cir. 1990). Sheppard alleges that the "unknown doctors"' failure to treat him after he contracted tuberculosis resulted in fatigue and painful coughing. Although a cavity does not appear to be that serious of a medical condition. Sheppard's cavity was not treated for 3 1/2 months which, he claims, resulted in "extreme pain." See Estelle, 429 U.S. at 103 (unnecessary pain and suffering may be sufficiently serious for the purposes of an Eighth Amendment claim even where it does not amount to "torture" or "lingering death"). At this early stage, we cannot conclusively say that the "unknown doctors"' alleged failure to treat Sheppard's cavity does not raise Eighth Amendment concerns.
 
 
 13
 However, regarding Fairman, Sheahan and Phelan, Sheppard does not allege that they had any personal involvement in this failure to provide medical treatment. Rascon, 803 F.2d at 274. Nor does Sheppard allege that there was any official policy or custom to deny medical treatment. Monell, 436 U.S. at 694. Accordingly, the district court properly dismissed Sheppard's claims for medical mistreatment as filed against Fairman, Sheahan, and Phelan.
 
 
 14
 As to the "unknown doctors," though, Sheppard alleges both personal involvement and deliberate indifference - he alleges that they were aware that he had tuberculosis and that his cavity required treatment, and that they were deliberately indifferent to these medical conditions by refusing to provide treatment for them. Nonetheless, the district court dismissed the complaint as filed against the "unknown doctors" because Sheppard made no attempt to substitute named doctors, and because he, allegedly, did not argue that the case should continue against the "unknown doctors" in the absence of the other defendants.
 
 
 15
 It is true that Sheppard has not attempted to substitute names for the "unknown doctors." Nonetheless, since Sheppard's complaint was dismissed at the pleading stage, it is possible that he has not yet had an opportunity to ascertain the names of these doctors. Nor has Sheppard abandoned his claims against the "unknown doctors" - in his response to the defendants' motion to dismiss, Sheppard argues that his claims against them should not have dismissed. We find that Sheppard has sufficiently stated a claim of deliberate indifference to his serious medical conditions against the "unknown doctors." Accordingly, we reverse the district court's dismissal of Sheppard's claims against these "unknown doctors," in their individual capacities, for their alleged deliberate indifference to Sheppard's serious medical conditions.[4]
 
 
 16
 For the foregoing reasons, we affirm the district court's judgment to the extent that it dismisses Sheppard's claims against Fairman, Sheahan, and Phelan in their individual and official capacities and against the "unknown doctors" in their official capacities. However, we reverse the district court's judgment and remand for further proceedings to the extent that it dismisses Sheppard's claims against the "unknown doctors" in their individual capacities.
 
 
 17
 AFFIRMED in part; REVERSED and REMANDED in part.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed. R. App. P. 34(a); Cir. R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and record
 
 
 [1]
 The following officials at Cook County were named as defendants in both their individual and official capacities: J. W. Fairman, Jr., Director of the Cook County Department of Corrections; Michael F. Sheahan, Sheriff of Cook County; Richard Phelan, former President of the Cook County Board of Commissioners; and various "unknown doctors." Sheppard filed a motion to amend his complaint to add the Cook County of Illinois and Jerry Butler, the Cook County Health Commissioner, as defendants. However, Sheppard later requested dismissal of his amended complaint
 
 
 [2]
 We note that Sheppard does allege that his exposure to tuberculosis was the result of improper screening for tuberculosis by several "functionaries" of the defendants. However, Sheppard does not name these "functionaries" and does not purport to state a claim against them
 
 
 [3]
 We note that in his response to the defendants' motion to dismiss, Sheppard also states that the defendants' policies are unconstitutional and that their prisoner classification policy resulted in his exposure to tuberculosis. Accordingly, there appears to be an internal conflict in Sheppard's pleadings. Considering, however, Sheppard's stated reliance on a theory of respondeat superior, his repeated assertions that his exposure to tuberculosis was the result of the defendants' failure to follow prison policy, as well as his detailed description of the Cook County Jail's screening procedure (i.e., that new inmates are immediately tested for various diseases, including tuberculosis, and that they are "isolated" when medical treatment is necessary), we find that the essence of Sheppard's official capacity claims is premised upon his contention that the defendants failed to follow official prison policy
 
 
 [4]
 To the extent that Sheppard makes a claim against the "unknown doctors" in their official capacities, he does not allege that they implemented any official policy to deny him medical treatment. Accordingly, any official capacity claim against the "unknown doctors" was properly dismissed by the district court